UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MERRILEE TURNBULL,

               Plaintiff,                     Case No. 1:24-cv-10863

v.                                       Honorable Thomas L. Ludington
                                       United States District Judge
FRANKENMUTH INSURANCE
COMPANY, *et al*.,                     Honorable Patricia T. Morris
                                       United States Magistrate Judge
               Defendants.

_____/

**OPINION AND ORDER (1) SUSTAINING IN PART AND OVERRULING IN PART
PLAINTIFF'S OBJECTIONS, (2) OVERRULING DEFENDANTS' PARTIAL
OBJECTION, (3) OVERRULING IN PART AND ADOPTING IN PART MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION, (4) GRANTING IN PART
DEFENDANTS' MOTION TO DISMISS, (5) DISMISSING DEFENDANT
FRANKENMUTH INSURANCE COMPANY, AND (6) DENYING PLAINTIFF'S
MOTION FOR PRELIMINARY INJUNCTION AS MOOT**

In March 2022, Defendant Frankenmuth Insurance Company (FIC) appointed Plaintiff

Merrilee Turnbull and her Ohio company, TRG2A—which is not a named Plaintiff—as an

independent insurance agent authorized to sell insurance policies on its behalf. According to

Plaintiff, "her" relationship with Defendant FIC started to sour over a year later when Defendant

Matthew Hillborg began making false representations that her appointment limited her to sell

Defendant FIC's policies in Ohio, not Michigan. Soon after, Defendant FIC contends it terminated

Plaintiff's agency appointment after learning of her Michigan productions and issued non-renewal

notices to her clients.

Plaintiff promptly sued Defendants on April 3, 2024, asserting five state-law claims and

one federal claim. Twelve days later, Plaintiff filed a motion for a preliminary injunction seeking

an order requiring Defendant FIC to reinstate her agency appointment and renew her clients.

Defendants then filed a motion to dismiss the case.

On July 30, 2024, Magistrate Judge Patricia T. Morris issued a report (R&R) recommending that this Court grant Defendants' Motion to Dismiss and deny Plaintiffs Motion for a Preliminary Injunction. Plaintiff filed twelve objections to the R&R, and Defendants' filed a partial objection. As explained below, this Opinion and Order will do the following: (1) overrule in part and sustain in part Plaintiff's Objections; (2) overrule Defendants' Partial Objection; (3) largely adopt the R&R; (4) grant in part Defendants' Motion to Dismiss; (5) dismiss Defendant FIC from the case; (6) dismiss all claims but one against Defendant Hillborg; and (7) deny as moot Plaintiff's Motion for Preliminary Injunction.

## I.

### A. Background

In March 2022, Defendant Frankenmuth Insurance Company (FIC) appointed Plaintiff Merrilee Turnbull, the owner of an Ohio-based company doing business as TRG2A, as an independent agent to sell insurance on its behalf. *See* ECF No. 1 at PageID.4, 17–20. According to Plaintiff, she sold home, automobile, and business insurance policies for Defendant FIC in Michigan for over a year following her appointment. *See id.* at PageID.5–7.

But beginning in October 2023, Defendant FIC allegedly took issue with Plaintiff's insurance sales in Michigan. *Id.* at PageID.5. At that point, Defendant FIC and Defendant Matthew Hillborg—a Director for Defendant FIC who oversaw "personal lines" sales in Michigan— allegedly orchestrated a series of "verbal and written acts of aggression," including "Civil Rights Acts violations, retaliation, defamation, misrepresentation, and tortious interference." *Id.* According to Plaintiff, Defendant Hillborg asserted to Plaintiff and numerous members of Defendant FIC's management, including its "board and/or CEO," that under the terms of Plaintiff's March 2022 appointment, Plaintiff and TRG2A were only authorized to sell policies in Ohio, not Michigan. *Id.* at PageID.6–7. Defendant Hillborg's statements allegedly affected Plaintiff's

affiliation with Defendant FIC. *Id.* To that end, Plaintiff alleges that on January 4, 2024, she could no longer "quote any new business with" Defendant FIC or "bind[]" any "business already sold." *Id.* at PageID.6.

Shortly after, on January 24, 2024, Defendant FIC announced a new sales restriction. *See id.* at PageID.13. Under the restriction—which took effect on February 1, 2024—Defendant FIC no longer issued individual home and automobile policies. *Id.* at PageID.13, 21. Rather, Defendant FIC required its agents to sell "packaged" home and automobile policies. *Id.* Plaintiff alleges that she responded to this restriction by engaging in "Whistle Blower activity" because she felt it discriminated against disabled homeowners who could not drive. *Id.* But she does not specify what this whistle-blower activity was and when she engaged in such activity. *See generally id.*

Five days after announcing the restriction, Defendant Hillborg allegedly informed Plaintiff that he confirmed Plaintiff was authorized to sell "in Ohio only." *Id.* at PageID.7. Plaintiff also alleges that Defendant Hillborg notified her that her contract with Defendant FIC would end on March 20, 2024. *Id.* And according to Plaintiff, a few days later, one of her clients received a non-renewal letter from Defendant FIC stating that Plaintiff no longer represents Defendant FIC. *Id.*

### B. This Case

On April 3, 2024, Plaintiff filed a *pro se* complaint against Defendants FIC and Hillborg. ECF No. 1. Plaintiff asserts six claims against Defendants, alleging violations of state and federal law: (1) negligent misrepresentation; (2) promissory estoppel; (3) various violations of the Michigan Essential Insurance Act (MEIA), MICH. COMP. LAWS § 500.2101; (4) retaliation in violation of Fair Housing Act (FHA), 42 U.S.C. § 3617; (5) defamation; and (6) tortious interference with her business relationship with Defendant FIC. *Id.* at PageID.8–15. Soon after suing, Plaintiff filed a motion for a preliminary injunction seeking an order requiring Defendant

FIC to reinstate her appointment and renew her clients' contracts. ECF No. 10. Defendants then filed a motion to dismiss Plaintiff's Complaint. ECF No. 13.

This case was referred to Magistrate Judge Patricia T. Morris for all pretrial matters. ECF No. 5. On July 30, 2024, Judge Morris issued a report and recommendation (R&R) on Plaintiff's Motion for a Preliminary Injunction and Defendants' Motion to Dismiss. ECF No. 19. Judge Morris recommended dismissing Plaintiff's Complaint and denying her Motion for a Preliminary Injunction. *Id.* at PageID.552. But the Parties objected. *See* ECF Nos. 20; 23. The R&R's analysis and the Parties' respective objections will be discussed in depth below.

## II.

### A.  Dismissal and Preliminary Injunction Standards

Under Civil Rule 12(b)(6), a pleading fails to state a claim if it does not contain allegations that support recovery under any recognizable theory. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When considering a Rule 12(b)(6) dismissal, the court accepts all factual allegations of the complaint as true and will construe the pleading in favor of the nonmovant. *See Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008). The plaintiff need not provide "detailed factual allegations" to survive dismissal, but the "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In essence, at this stage of litigation, courts assess only the facts pleaded in the plaintiff's complaint—not evidence elsewhere in the record—and the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678–79; *see also Waskul v. Washtenaw Cnty. Cmty. Mental Health*, 979 F.3d 426, 440 (6th Cir. 2020). But the court need not accept the complaint's legal conclusions as true. *Iqbal*, 556 U.S. at 678–79 (quotations and citation omitted).

Courts review motions for preliminary injunctions under a separate standard. Preliminary injunctions have "been characterized as one of the most drastic tools in the arsenal of judicial remedies." *Bonnell v. Lorenzo*, 241 F.3d 800, 808 (6th Cir. 2001) (internal quotation marks omitted). "A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington–Fayette Urban County Government*, 305 F.3d 566, 573 (6th Cir. 2002).

"In determining whether to grant a motion for preliminary injunction, the district court must consider and balance the following four factors: (1) the moving party's likelihood of success on the merits; (2) the moving party's likelihood of suffering irreparable injury absent the injunction; (3) the probability that granting the injunction will cause substantial harm to others; and (4) the degree to which the injunction would serve the public interest." *Towerco 2013, LLC v. Berlin Twp. Bd. of Trustees*, No. 23-3768, 2024 WL 3665539, at *4 (6th Cir. Aug. 6, 2024) (citing *United States v. Edward Rose & Sons*, 384 F.3d 258, 261 (6th Cir. 2004). And unlike with motions to dismiss, courts may conduct evidentiary hearings and consider evidence beyond the complaint when deciding a motion for a preliminary injunction. *See* Fed. R. Civ. P. 65(a)(2); *see also McGirr v. Rehme*, 891 F.3d 603, 609 (6th Cir. 2018).

## B.  R&R Objection Standard

When a party objects to an R&R resolving a particular motion, in addition to the standard of review applicable to the relevant motion, a second layer of review applies to the objections. *See* FED. R. CIV. P. 72(b)(2). Under Civil Rule 72, a party may object to and seek review of a magistrate judge's R&R. *See id.* The parties must state any objections with specificity within a reasonable time. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). Any objection that fails to identify specific portions of the R&R will not be reviewed. *See Howard v. Sec'y of Health & Hum.*

*Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004) ("A general objection . . . is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."). And parties cannot "raise at the district court stage new arguments or issues that were not presented" before the R&R was issued. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

Untimely or unspecific objections, or objections which merely "restates the arguments previously presented and addressed," "trigger only clear-error review." *Tackett v. Comm'r of Soc. Sec.*, No. 3:18 CV 1560, 2019 WL 2774145, at *1 (N.D. Ohio July 2, 2019) (citing *Equal Employment Opportunity Comm'n v. Dolgencorp*, LLC, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017), aff'd, 899 F.3d 428 (6th Cir. 2018)). But timely, specific objections to dispositive R&Rs trigger de novo review. FED. R. CIV. P. 72(b)(3). When reviewing an R&R de novo, this Court must review at least the evidence that was before the magistrate judge. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, this Court may accept, reject, or modify the Magistrate Judge's findings or recommendations. FED. R. CIV. P. 72(b)(3); *Peek v. Comm'r of Soc. Sec.*, No. 1:20 CV 11290, 2021 WL 4145771, at *2 (E.D. Mich. Sept. 13, 2021).

## III.

### A. Plaintiff's Objections

Plaintiff filed twelve timely objections to the R&R. *See* ECF No. 23.

### 1. Objections One through Four

Start with Plaintiff's first four objections, which concern the R&R's treatment of Count IV—Plaintiff's claim that Defendant FIC violated the FHA, 42 U.S.C. § 3601 *et seq. See* ECF No. 23 at PageID.615–20. The R&R found that Count IV failed to state a claim under the FHA and

must be dismissed for two reasons. *See* ECF No. 19 at PageID.575–81. First, to the extent Count IV alleged a retaliation claim based on whistleblower activities, Plaintiff failed to plead a causal link between those activities and her termination. *Id.* at PageID.577–79. Second, to the extent the claim alleged that Defendant FIC's January 24, 2024 sales restriction, which required agents to package home and auto insurance, imposed a disparate impact on disabled homeowners, Plaintiff lacked standing to sue on their behalf. *Id.* at PageID.579–81.

Plaintiff's first Objection asserts that the R&R erroneously assumed that Defendant FIC's alleged discriminatory practice began after it terminated her agency appointment. ECF No. 23 at PageID.615. Plaintiff argues that her termination was effective on March 20, 2024, which was after Defendant FIC issued the January 24, 2024 sales restriction that she alleged discriminated against disabled homeowners. *Id.* This objection misses the point. The R&R focused on when Defendant FIC decided to terminate Plaintiff's agency appointment, not when her termination took effect. *See* ECF No. 19 PageID.578. And the R&R had good reason for that focus. Plaintiff conceded in her Complaint that Defendant FIC revoked her authority to bind new business on January 4, 2024— twenty days before it announced the sales restriction. *See* ECF No. 1 at PageID.6. Thus, she failed to allege a causal connection between Defendant FIC's decision to terminate her and any whistleblowing related to the sales restriction. Moreover, that was not the only reason the R&R gave for rejecting Plaintiff's FHA retaliation claim. ECF No. 19 at PageID.577–79. The R&R also found that Plaintiff did not plead any specific whistleblowing activity connected to her appointment's termination. *See id.* So Plaintiff's first Objection will be overruled.

Plaintiff's second Objection takes issue with the R&R "question[ing]" her "whistle-blower activity" and traces several examples of her whistleblower activity over time. *See* ECF No. 23 at PageID.616–19. But none of these whistleblower activities relate to the January 24, 2024 sales

restriction that underlies her FHA claim. *Compare id. with* ECF No. 1 at PageID.12–13. Thus, Plaintiff's second Objection will be overruled.

Plaintiff's third Objection is confusing: she states that the "R&R bypasses and fails to mention the element of anti-trust" when addressing Count IV. *See* ECF No. 23 at PageID.619. But her Complaint nowhere pleads an antitrust claim. *See generally* ECF No. 1. And Plaintiff cannot raise legal theories and claims not pleaded in her Complaint. *See Tucker v. Union of Needletrades, Indus., & Textile Employees,* 407 F.3d 784, 788 (6th Cir. 2005). So Plaintiff's third objection will be overruled.

Plaintiff's fourth Objection challenges the R&R's conclusion that to the extent Plaintiff's Complaint sought to raise a disparate impact claim under the FHA, she did not "allege to have incurred an injury that is traceable" to Defendant FIC's January 24, 2024 sales restriction and thus lacks standing to bring such a claim. *See* ECF No. 23 at PageID.619. Though unclear, Plaintiff seemingly argues that she pleaded specific "examples of irreparable injury" to the public and her clients. *See id.* at PageID.620. But the Article III standing doctrine requires that an asserted injury be concrete and "particularized" to the plaintiff—not third parties. *Ward v. Nat'l Patient Acct. Servs. Sols., Inc.*, 9 F.4th 357, 361 (6th Cir. 2021) (citing *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016)). An injury to the public and her clients does not fulfill those requirements. Thus, Plaintiff's fourth Objection will be overruled.

In sum, all of Plaintiff's objections concerning the R&R's treatment of her FHA claim (Count IV) will be overruled. As a result, Count IV of the Complaint will be dismissed.

### 2. Objections Five and Six

Objections Five and Six concern the R&R's resolution of Counts I and II, Plaintiff's negligent misrepresentation and promissory estoppel claims. *See* ECF No. 23 at PageID.620–22. Plaintiff conflates her promissory estoppel and negligent misrepresentation claims in objections

five and six, making the objections unclear. *See* ECF No. 23 at PageID.620–22. But Plaintiff's fifth Objection seemingly relates to the R&R's characterization of her appointment arrangement with Defendant FIC when addressing the two claims. *Id.* at PageID.620. Plaintiff's sixth Objection appears to be limited to the R&R's recommendation on her negligent misrepresentation claim. *Id.* at PageID.620–22.

Concerning Plaintiff's promissory estoppel claim—which seeks to rescind Defendant FIC's termination of her agency—the R&R recommended dismissal on two grounds. *See* ECF No. 19 at PageID.558–59. First, Plaintiff failed to allege that Defendant FIC promised to appoint her for any specific duration; absent such a promise, there was nothing she could reasonably rely on to obtain rescission. *Id.* at PageID.558. Second, even assuming that Defendant FIC had promised not to terminate her appointment, Plaintiff did not plead facts demonstrating that she detrimentally relied on any such promise. *Id.* at PageID.558–59. The R&R further observed that to the extent Plaintiff implicitly intended to assert a breach of contract claim, the absence of a durational term rendered her appointment at will. *Id.* at PageID.558. As a result, Defendant FIC was free to terminate her agency at any time, and any implicit breach of contract claim necessarily fails. *Id.*

As for Plaintiff's negligent misrepresentation claim—which asserts that Defendant Hillborg negligently misrepresented the scope of Plaintiff's appointment to Defendant FIC—the R&R recommended dismissal because Plaintiff failed to plead an essential element: detrimental reliance on this alleged misrepresentation. *Id.* at PageID.559–60. Indeed, Plaintiff may have alleged that Defendant FIC relied on such misrepresentations, but she did not plead that *she* did. *See id.* And the R&R noted that the fact Plaintiff's Complaint states that she corrected Defendant Hillborg "six times in writing" makes it "difficult to imagine how she could have detrimentally relied on a statement she immediately knew to be incorrect." *Id.* at PageID.560. And, like with the

promissory estoppel claim, the R&R noted that Defendant FIC never represented that Plaintiff's appointment was for a particular duration, making it at-will. *Id.* at PageID.559. So Plaintiff's negligent misrepresentation claim also fails to the extent Plaintiff implicitly rests on Defendant FIC terminating her when it did. *See id.*

Plaintiff's fifth Objection challenges the R&R's characterization of her appointment as an "at-will" appointment concerning its duration. ECF No. 23 at PageID.620. Plaintiff argues that "Michigan Law regulates" certain components of an insurer's ability to terminate an agent's appointment. *Id.* To that end, Plaintiff cites a Michigan law that limits an insurer's ability to terminate an insurance agent's contract to particular, enumerated reasons.[1] *Id.* (citing Mich. Comp. Laws § 500.1209).

But that argument misses the mark. The R&R focused only on the durational component of Plaintiff's arrangement with Defendant FIC when characterizing it as "at will."  ECF No. 19 at PageID.558–59. So even if "at will" was not the most precise way to characterize Plaintiff's appointment because § 500.1209 limits the reasons Defendant FIC may terminate appointments, in context, the R&R was simply stating that Defendant FIC could terminate Plaintiff's appointment *at any time*. *See id.* In any event, the R&R characterization related to potential claims Plaintiff may

---

[1] The fact that Plaintiff invokes a statute governing termination of "contracts" between insurance companies and sales agents and persistently refers to a contract with Defendant FIC throughout her filings, *see, e.g.*, ECF Nos. 1 at PageID.6–7; 10 at PageID.59, 67, 77, suggests her promissory estoppel claim fails for another reason. "[E]quitable promissory estoppel . . . claims cannot lie in the presence of a valid contract between the same parties governing the same subject matter." *P.R.A. Co. v. Arglass Yamamura SE, LLC*, No. 1:24-CV-10204, 2024 WL 4894838, at *7 (E.D. Mich. Nov. 26, 2024). And where, as Plaintiff seemingly does here, the plaintiff admits a valid contract governs the relationship, "a plaintiff's corresponding quasi-contract claims" like promissory estoppel "must be dismissed." *Id.* (citing *Lynch v. Sease*, 244 F. App'x 736, 739 (6th Cir. 2007) ("Once it is established, either by an admission of a party or by a judicial finding, that there is in fact an enforceable contract between the parties, and therefore consideration exists, then a party may no longer recover under the theory of promissory estoppel.")).

have "implicitly" asserted—like a breach of contract claim—not the ones Plaintiff actually pleaded, so the characterization has no bearing on the outcome here. Thus, Plaintiff's fifth Objection will be overruled.

Plaintiff's sixth Objection challenges the R&R's conclusion that her Complaint lacked facts to support her alleged detrimental reliance on Defendant Hillborg's representations that her appointment did not extend to Michigan, an essential element of her negligent misrepresentation claim. *Id.* at PageID.620–22. Confusingly, Plaintiff argues that she pleaded facts that show she relied on *Defendant FIC*'s misrepresentations that it would help her grow her business in Michigan by substantially growing her premium business in Michigan. *Id.* at PageID.621. But in her Complaint, Plaintiff does not support her negligent misrepresentation claim with such statements. *See* ECF No. 1 at PageID.8–9. Rather, Plaintiff's Complaint focuses on "material representations" that "[Defendant] Hillborg" made to Defendant FIC, asserting that Plaintiff "was never appointed by [Defendant FIC] in Michigan," and Defendant FIC's non-renewal letters *to clients*. *Id.* at PageID.8–9. And, as the R&R observed, Plaintiff's Complaint states that she tried to correct Defendant Hillborg, showing that she did not detrimentally rely on his representations that she thought were false. *See* ECF No. 19 at PageID.560 (citing ECF No. 1 at PageID.8). Nor did she plead facts to support that *she* detrimentally relied on Defendant FIC's non-renewal letters to her clients. *See generally* ECF No. 1. At most, Plaintiff pleaded that other people relied on statements she alleges are misrepresentations, not Plaintiff. *See generally* ECF No. 1. Accordingly, Plaintiff's sixth Objection will be overruled.

In short, both Plaintiff's fifth and sixth objections—which concern Plaintiff's negligent misrepresentation and promissory estoppel claims—will be overruled. As a result, Counts I and II of the Complaint will be dismissed.

### 3. Objection Seven

Plaintiff's seventh Objection concerns the R&R's disposition of Plaintiff's tortious interference with a business relationship claim (Count VI). For background, in Michigan, the elements of tortious interference with a business relationship are (1) the existence of a valid business relationship or expectancy, (2) knowledge of the relationship or expectancy on the part of the defendant, (3) an intentional interference by the defendant inducing or causing a breach or termination of the relationship or expectancy, and (4) resultant damage to the plaintiff. *Lakeshore Community Hosp. v. Perry*, 538 N.W.2d 24, 27 (Mich. Ct. App. 1995). Importantly, under Michigan law, corporate agents may not be held liable for tortiously interfering with their companies' business relationships because they are not deemed third parties to those relationships unless the plaintiff establishes that the agents acted to obtain a benefit for themselves. *See Reed v. Mich. Metro Girl Scout Council*, 506 N.W.2d 231, 233 (Mich. Ct. App. 1993); *Bradley v. Philip Morris Inc.*, 486 N.W.2d 48, 51 (Mich. Ct. App. 1991).

Under that framework, the R&R found that Plaintiff's theory of tortious interference—that she had a business relationship and expectancy with Defendant FIC and Defendants tortiously interfered with it—failed as a matter of law. *See* ECF No. 19 at PageID.566. The R&R determined that neither Defendant FIC nor Defendant Hillborg could be liable for tortious interference with Defendant FIC's business relationship with Plaintiff. *Id.* It reasoned that neither Defendant was a third party to the relevant relationship based on Plaintiff's pleadings. *Id.* (citing *Reed*, 506 N.W.2d at 233). The R&R therefore recommended dismissing the claim. *Id.*

Plaintiff objects to this conclusion and asserts that Defendants were third parties to her business relationship. ECF No. 23 at PageID.622–23. However, instead of addressing her business relationship with Defendant FIC, *i.e.*, the business relationship her Complaint centers on, *see* ECF

No. 1 at PageID.14, Plaintiff argues that Defendants were third parties to business relationships with her clients, *see* ECF No. 23 at PageID.622–23. But again, Plaintiff cannot raise legal theories and claims not raised in her Complaint. *See Tucker*, 407 F.3d at 788; *see also Waskul*, 979 F.3d at 440 (quoting *Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 483 (6th Cir. 2020)) (stating that a Plaintiff "cannot 'amend their complaint in an opposition brief or ask the court to consider new allegations (or evidence) not contained in the complaint.'"). Thus, Plaintiff's seventh Objection will be overruled, and Count VI will be dismissed.

### 4. Objection Eight

Plaintiff's eighth Objection challenges the R&R's recommendation to dismiss her defamation claim (Count V). *See* ECF No. 23 at PageID.623–25. In Michigan, a defamation claim requires four elements: (1) a false and defamatory statement about the plaintiff; (2) publication of the statement to a third party; (3) fault amounting at least to negligence; and (4) either defamation *per se* or special harm caused by publication. *Mitan v. Campbell*, 706 N.W.2d 420, 421 (Mich. 2005). The R&R found that Plaintiff failed to plead all four elements against either Defendant but for different reasons. *See* ECF No. 19 at PageID.560–65.

To start, the R&R found that Plaintiff's defamation theory against Defendant FIC—that Defendant FIC defamed her by non-renewal letters to her clients stating that Plaintiff no longer represented FIC—does not establish that Defendant FIC made a false statement about Plaintiff. ECF No. 19 at PageID.562. Indeed, Plaintiff's Complaint conceded that she no longer represented Defendant FIC, so the letters she claims were defamatory did not contain false information. *Id.*

The R&R also recommended dismissing Plaintiff's defamation claim against Defendant Hillborg. *Id.* at PageID.563–65. The R&R reasoned that Defendant Hillborg's alleged defamatory statements—statements "delivered to Frankenmuth's board and/or CEO stating: '[Plaintiff] was

never appointed with the company,'" in Michigan, *see* ECF No. 1 at PageID.14—lacked the second essential element: third-party publication. ECF No. 19 at PageID.563–65. Perceiving that the law in Michigan is unclear on this issue, the R&R turned to "sister states" and secondary sources that hold "'that no publication occurs when only intra-corporate communications exist' because 'communications among agents of the same corporation . . . are not to be considered statements communicated or publicized to third persons.'" *Id.* at PageID.565 (citing *Siegfried v. Grand Krewe of Sphinx*, 2003 WL 22888908, at *2 (Tenn. Ct. App. Dec. 2, 2003)). Applying that rule, the R&R concluded that because Defendant Hillborg made the alleged statements to Defendant FIC's board or CEO, they were intra-corporate communications, so Defendant Hillborg did not publish them to a third party. *Id.*

Plaintiff's Objection, though unclear, seemingly implicates both these conclusions. *See* ECF No. 23 at PageID.623–25. Regarding Defendant FIC, Plaintiff seemingly reargues that the non-renewal letters Defendant FIC sent to her clients satisfy the elements of defamation because it was "not a party to [Plaintiff's] agreement for commissions on her clients she insures." *Id.* at PageID.623. But the R&R did not dismiss Plaintiff's defamation claim against Defendant FIC because she failed to plead a publication to a third party. *See* ECF No. 19 at PageID.562. Instead, the R&R found that the statements in the letters underlying Plaintiff's defamation claim against Defendant FIC were true, as Plaintiff herself recognized in her Complaint. *Id.* Because this Objection does not undermine the R&R's central conclusion on this issue, Plaintiff's seventh Objection will be overruled as it relates to Defendant FIC.

But Plaintiff's Objection to the R&R's recommendation to dismiss her defamation claim against Defendant Hillborg will be sustained. Contrary to the R&R's conclusion, Michigan law recognizes that "intra-corporate communications" can constitute third-party publications. *Brantley*

*v. Zantop Int'l Airlines*, Inc., 617 F. Supp. 1032, 1033 (E.D. Mich. 1985) (citing *Bacon v. Michigan Cent. R.R. Co.*, 21 N.W. 324 (Mich. 1884)). In *Bacon*, the Michigan Supreme Court denounced the notion that "passing libel" between two company agents is not a third-party publication. 21 N.W. at 228–29 (stating such an argument "is wholly untenable"). Other cases affirm this principle. *See, e.g., Sias v. Gen. Motors Corp.*, 127 N.W.2d 357 (Mich. 1964); *Brantley*, 617 F. Supp. at 1033; *Ball v. White*, 143 N.W.2d 188 (Mich. Ct. App. 1966) (noting "delivery of the defamatory matter to any person other than the one libeled" suffices for publication); *but see Petersen Fin., LLC v. Twin Creeks, LLC*, 896 N.W.2d 63, 65 (Mich. Ct. App. 2016) (distinguishing cases like *Bacon* with intra-corporate communications between two agents and finding no third-party publication when statement was made to *plaintiff*'s agent because "publication to plaintiff's agent was the equivalent of publication to plaintiff itself"). Accordingly, under Michigan law, the Complaint's allegations that Defendant Hillborg transmitted false statements to Defendant FIC's "board and/or CEO," ECF No. 1 at PageID.14, satisfy the third-party publication element.

In their Motion to Dismiss, Defendants make a conclusory argument that the "shared interest privilege" shielded Defendant Hillborg's alleged statements to Defendant FIC. ECF No. 13 at PageID.130. The shared-interest privilege can apply to intra-corporate "limited-purpose statements made pursuant to a duty to a limited audience, tailored to the necessity of the publication and the duty in question." *Saad v. Healthgrades Marketplace, LLC*, No. 24-CV-10514, 2024 WL 4630967, at *7 (E.D. Mich. Oct. 30, 2024) (emphasis in original omitted). If the privilege applies, the plaintiff must allege actual malice: that the defendant knew or recklessly disregarded the falsity of the statements. *Peterfish v. Frantz*, 424 N.W.2d 25, 30 (Mich. Ct. App. 1988). At this juncture, the shared interest privilege does not warrant dismissal of Plaintiff's defamation claim against Defendant Hillborg.

Here, even if the privilege applies, Plaintiff alleges facts supporting actual malice. To that end, Plaintiff claims her agency appointment with Defendant FIC extended to Michigan, ECF No. 1 at PageID.4, which must be accepted as true at this stage. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Plaintiff further alleges that she notified Defendant Hillborg that his understanding of her appointment was false because her appointment extended to Michigan at least six times. *See* ECF No. 1 at PageID.6, 8. If Defendant Hillborg continued to claim otherwise despite this notice, it demonstrates knowledge or reckless disregard of the truth, meeting the actual malice standard. *See Smith v. Anonymous Joint Enter.*, 793 N.W.2d 533, 542–44 (Mich. 2010) (concluding publication of false statements after defendant was notified that they were false satisfied actual malice standard).

In sum, Plaintiff's seventh Objection will be overruled in part and sustained in part. It will be overruled to the extent that it challenges the R&R's recommendation to dismiss Plaintiff's defamation claim against Defendant FIC. But Plaintiff's Objection will be sustained to the extent it challenges the R&R's recommendation to dismiss her defamation claim against Defendant Hillborg. Thus, Count V will be dismissed as to Defendant FIC but not  as to Defendant Hillborg.

### 5. Objection Nine

Plaintiff's ninth Objection challenges the R&R's recommendation regarding Count III, her claim under the MEIA. *See* ECF No. 23 at PageID.625–28. The R&R recommended dismissing Plaintiff's MEIA claim because the MEIA does not create a private right of action for insurance agents to sue insurers. *See* ECF No. 19 at PageID.566–75. The R&R reasoned that the MEIA provided neither an express nor an implied private cause of action for Plaintiff to enforce violations of the MEIA—only an administrative remedial scheme. *See id.*

Plaintiff's Objection to this portion of the R&R is largely incomprehensible. Plaintiff argues the R&R erred because (1) her "right of action falls under retaliation which includes but is not limited to defamation, distress, reputation harm and loss of revenue; [(2)] [t]he retaliation of shutting access violates [her] civil rights as are protected by Federal Law under the Preemption Doctrine; and [(3)] the MEIA is designed to regulate insurers (EMPHASIS) as well as protect consumers." ECF No. 23 at PageID.625–26. Further, Plaintiff argues that "[t]o prevent [her] private right of action and unjustly effectuate a dismissal ignores the commands of the constitutionally rooted and legally legitimate doctrines of stare decisis." *Id.* at PageID.627. But this Objection does not explain where or how the MEIA confers a private right of action for Plaintiff. Nor does Plaintiff develop her perfunctory arguments about preemption, stare decisis, or federal supremacy, which are irrelevant to whether the MEIA creates a private right of action, so they need not be considered. *See McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones." (citations omitted)). Thus, Plaintiff's ninth Objection will be overruled. Accordingly, Count III of the Complaint will be dismissed.

### 6. Objection Ten

Plaintiff's tenth Objection challenges "the disposition of the R&R," asserting that her constitutional due process rights will be violated if it is adopted. ECF No. 23 at PageID.628. Yet Plaintiff does not explain how or why her due process rights would be violated. *See id.* This objection is thus insufficient. Indeed, general objections or "perfunctory statements opposing, without reason or explanation, a recommendation of the magistrate judge" are improper objections.

- 17 -

*Cook v. Corizon Health, Inc.*, No. 2:18-CV-25, 2019 WL 2223252, at *2 (W.D. Mich. May 23, 2019), *aff'd*, No. 19-1660, 2020 WL 3286222 (6th Cir. Feb. 18, 2020); *see also McPherson*, 125 F.3d at 995–96; *Aldrich*, 327 F. Supp. 2d at 747 ("A general objection . . . is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution . . . is not an 'objection' as that term is used in this context."). So Plaintiff's tenth Objection will be overruled.

### 7. Objection Eleven

Plaintiff's eleventh Objection argues that the R&R should have permitted her to amend her Complaint. ECF No. 23 at PageID.628–29. Plaintiff argues that she requested to amend her Complaint to correct its deficiencies in her brief in opposition to Defendants' Motion to Dismiss, and the R&R did not address her request. *See id.* But a plaintiff "cannot 'amend their complaint in an opposition brief or ask the court to consider new allegations (or evidence) not contained in the complaint.'" *Waskul*, 979 F.3d at 440 (quoting *Bates*, 958 F.3d at 483). Thus, Plaintiff's eleventh Objection will be overruled.

### 8. Objection Twelve

Plaintiff's twelfth Objection challenges the R&R's treatment of her Motion for a Preliminary Injunction ordering Defendant FIC to reinstate her. *See* ECF No. 23 at PageID.629–36. The R&R recommended denying Plaintiff's Motion as moot if this Court adopts its recommendation to dismiss all claims against Defendant FIC. *See* ECF No. 19 at PageID.581–82. Alternatively, the R&R recommended denying the Motion because Plaintiff had not met her burden for a preliminary injunction. *Id.* at PageID.582–83. The R&R reasoned that the conduct she sought to enjoin could be "fully compensated with monetary damages," which undermines the

"irreparable injury" requirement for preliminary injunctions. *See id.* (citing *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002).

Plaintiff's Objection takes issue with the R&R's alternative basis for denying her Motion for Preliminary Injunction, but not the *primary* one. *See* ECF No. 23 at PageID.629–36. But because the R&R's recommendation to dismiss all claims against Defendant FIC will be adopted, Plaintiff's Motion for Preliminary Injunction is, indeed, moot. Accordingly, the R&R correctly denied Plaintiff's Motion for a Preliminary Injunction, and Plaintiff's twelfth Objection to the contrary will be overruled.

### B. Defendants' Partial Objection

Turning to Defendants' Partial Objection to the R&R, Defendants object to the following statement in the R&R: "Should the Court adopt my recommendation to allow this case to proceed on [Plaintiff's] defamation claim against [Defendant] Hillborg, I recommend that it also deny [Plaintiff's] motion for preliminary injunction." ECF No. 19 at PageID.581. Defendants argue that "other sections of the" R&R "plainly recommend the Court grant Defendant's Motion to Dismiss in full, including Plaintiff's defamation claim against Defendant Hillborg," so "the Court should modify the" R&R "to reflect the clear intent of the Magistrate [Judge]." ECF No. 21 at PageID.593–94. But, as explained above, Plaintiff's defamation claim against Defendant Hillborg will not be dismissed, so Defendants' partial Objection is moot and will be overruled.

In sum, Plaintiff's objections 1–7 and 9–12 will be entirely overruled. Objection 8, however, will be overruled to the extent it objects to the R&R's recommendation to dismiss Plaintiff's defamation claim against Defendant FIC but sustained to the extent it objects to the recommendation to dismiss her defamation claim against Defendant Hillborg. Further, Defendants' partial Objection will be overruled. As a result, the R&R, ECF No. 19, will be adopted in part and

overruled in part. Accordingly, Defendants' Motion to Dismiss, ECF No. 13, will be denied in part and granted in part: all Plaintiff's claims against Defendant FIC will be dismissed, and all claims but Count V will be dismissed against Defendant Hillborg. And because all Plaintiff's claims against Defendant FIC will be dismissed, her Motion for a Preliminary Injunction ordering Defendant FIC to reinstate her, ECF No. 10, will be denied as moot.

## IV.

Accordingly, it is **ORDERED** that Plaintiff's Objections, ECF No. 23, are **SUSTAINED IN PART** to the extent that Objection 8 is sustained in part.

Further, it is **ORDERED** that Plaintiff's Objections, ECF No. 23, are **OVERRULED IN PART** to the extent that Objections 1, 2, 3, 4, 5, 7, 9, 10, 11, and 12 are overruled in full, and Objection 8 is overruled in part.

Further, it is **ORDERED** that Defendants' Partial Objection, ECF No. 20, is **OVERRULED**.

Further, it is **ORDERED** that Judge Morris's Report and Recommendation, ECF No. 19, is **OVERRULED IN PART**, to the extent it recommends dismissing Plaintiff's defamation claim (Count V) against Defendant Matthew Hillborg.

Further, it is **ORDERED** that Judge Morris's Report and Recommendation, ECF No. 19, is **ADOPTED** in all other respects.

Further, it is **ORDERED** that Defendants' Motion to Dismiss, ECF No. 13, is **GRANTED IN PART**.

Further, it is **ORDERED** that Defendant Frankenmuth Insurance Company is **DISMISSED** from the above-captioned case **WITH PREJUDICE**.

Further, it is **ORDERED** that all of Plaintiff's claims against Defendant Matthew Hillborg

**except Count V** are **DISMISSED WITH PREJUDICE**.

Further, it is **ORDERED** that Plaintiff's Motion for a Preliminary Injunction, ECF No. 10,

is **DENIED AS MOOT**.

**This is not a final order and does not close the above-captioned case**.

Dated: March 31, 2025                     s/Thomas L. Ludington
                                          THOMAS L. LUDINGTON
                                          United States District Judge