**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

MERRILEE TURNBULL,

Plaintiff,

v.

Case No. 1:24-cv-10863
District Judge Michael C. Martin

MATTHEW S. HILLBORG,

Defendant.

---

**OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (ECF No. 45), AND DENYING PLAINTIFF'S MOTIONS (ECF No. 33, 34, 37)**

Plaintiff Merrilee Turnbull, filed a pro se complaint alleging violations of the Fair Housing Act and numerous state law claims against Frankenmuth Insurance Company ("FIC") and Matthew Hillborg. (ECF No. 1.) This Court dismissed the claims against both defendants, except one: a defamation claim against Hillborg. (ECF No. 29.) Turnbull then filed three motions: a motion "for relief from, alter or amend a judgment," a motion for leave to file an amended complaint, and a motion to disjoin Hillborg. (ECF No. 33, 34, 37.) These three motions were referred to Magistrate Judge Patricia T. Morris, who issued a report and recommendation that this Court deny all of these motions. (ECF No. 45.) Turnbull timely filed four objections to the report and recommendation, Hillborg filed a response, and Turnbull replied. (ECF No. 46, 47, 48.)

When a party files timely objections to a report and recommendation, as Turnbull has done here, the Court must "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 674 (1980). This *de novo* review requires the court to re-examine all the relevant evidence previously reviewed by the magistrate judge to determine whether the recommendation should be accepted, rejected, or modified. 28 U.S.C. § 636(b)(1).

Turnbull's first objection relates to her motion "for relief from, alter or amend a judgment," which was brought pursuant to Fed. R. Civ. P. 60(b). (ECF No. 33.) Rule 60(b) is only applicable in limited situations, one of which is when a party asserts "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2). Magistrate Judge Morris carefully examined the evidence set forth in Turnbull's motion and concluded that it was either already included in her complaint or was previously known to her. (ECF No. 45, PageID.1120–21.) As Magistrate Judge Morris put it, Turnbull's motion "merely repeats the same facts and arguments that have already been rejected." (*Id.* at PageID.1122.) This Court has examined the evidence in Turnbull's motion and agrees with Magistrate Judge Morris that it fails to meet the standard set forth in Rule 60(b), which precludes a litigant from raising arguments that "could, and should, have been made before."

*Hurst v. Fed. Nat. Mortg. Ass'n*, 642 F. App'x 533, 541 (6th Cir. 2016); *Whitehead v. Bowen*, 301 F. App'x 484, 489 (6th Cir. 2008) (plaintiff failed to meet newly discovered evidence standard because his evidence "was, at best, newly *submitted* evidence"). For example, Turnbull's objections state that FIC's practice of selling packaged home and auto insurance policies was "recently discovered when working on a client's commercial insurance coverage." (ECF No. 46, PageID.1138.) But this Court was well aware of this sales practice and specifically referred to it in the Court's opinion dismissing Turnbull's claims against FIC. (ECF No. 29, PageID.724.) In short, Turnbull's motion does not raise "newly discovered evidence" and does not meet the requirements of Rule 60(b).

Turnbull's motion suffers from another flaw: Rule 60(b) only offers relief from a "final judgment, order or proceeding." A judgment is "final" if it is "the 'conclusive' and 'last' filing on the docket" that "'complete[s]' the particular lawsuit at issue" and "'terminates the action itself.'" *Waetzig v. Halliburton Energy Servs., Inc.*, 604 U.S. 305, 312 (2025) (citations omitted). Here, the Court has not entered a final judgment on the docket, the case has not been completed or terminated, and it remains in active litigation against one of the defendants. A Rule 60(b) motion is simply not available to Turnbull at this stage of the proceedings.

Turnbull's second and third objections allege that Magistrate Judge Morris's report and recommendation violated Turnbull's right to due process, and rights

under the First and Seventh Amendment to the United States Constitution. Turnbull never raised any constitutional arguments before Magistrate Judge Morris, and she is not permitted to do so here for the first time. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (parties are not permitted "to raise at the district court stage new arguments or issues that were not presented to the magistrate"). Even if this Court were to consider Turnbull's constitutional arguments, they are completely undeveloped, lack legal citation, and essentially amount to a recitation of the rights themselves. While pro se pleadings "are to be liberally construed," this Court is "not required to conjure up allegations not pleaded or guess at the nature of an argument." *Brown v. Wal-Mart Stores, Inc.*, 507 F. App'x 543, 547 (6th Cir. 2012). Turnbull's undeveloped constitutional arguments are not persuasive.

Turnbull's fourth objection is that Magistrate Judge Morris "did not decide" her motion to disjoin Hillborg. (ECF No. 46, PageID.1141.) But that is not the case. Magistrate Judge Morris clearly recommended that this Court deny Turnbull's motion. (ECF No. 45, PageID.1130 ("For these reasons, **IT IS RECOMMENDED** that the Court **DENY** Plaintiff's motions . . . to disjoin Defendant Hillborg.").) This Court agrees with Magistrate Judge Morris that the motion should be denied. Turnbull's motion was brought pursuant to Fed. R. Civ. P. 21 and asked the Court to dismiss Hillborg from this case without prejudice. (ECF No. 37, PageID.970.) Rule 21 allows district courts to drop parties "at any

time, on just terms." The "permissive language" of the Rule means that district courts have "broad discretion" to determine whether to drop a defendant in a civil action. *Parchman v. SLM Corp.*, 896 F.3d 728, 733 (6th Cir. 2018). There are some common scenarios where courts will exercise their discretion under Rule 21 to drop a party from a lawsuit. One is where the dropped party's "presence no longer affects the issues being litigated." *Letherer v. Alger Grp., L.L.C.*, 328 F.3d 262, 267 (6th Cir. 2003). Another is when a plaintiff requests to dismiss a nondiverse defendant so that the plaintiff can "proceed with the case in federal court." *Maher v. Federated Serv. Ins. Co.*, 666 F. App'x 396, 401 (6th Cir. 2016). Neither of these scenarios are present here. Hillborg (who is a citizen of Michigan) is not a nondiverse defendant to Turnbull (a citizen of Ohio). Hillborg is also the last remaining defendant, and his presence is essential to a resolution of Turnbull's defamation claim against him. Nor do the equities favor dropping Hillborg. This case was brought over two years ago, and Hillborg states that he wishes to defend himself and have the accusations against him resolved to finality. (ECF No. 42, PageID.1069.) Turnbull's objections to Magistrate Judge Morris's report and recommendation offer no good counterargument. This Court therefore believes that resolving this dispute and bringing it to finality is the best course of action. Lastly, Turnbull's fourth objection claims that the "case title is currently incorrect and

must be corrected." (ECF No. 46, PageID.1142.) However, the Court believes the title is correct, and Turnbull offers no explanation for why she believes it is not.

For the foregoing reasons, Turnbull's objections (ECF No. 46) are **OVERRULED**, and the Magistrate Judge's report and recommendation (ECF No. 45) is **ADOPTED**. Turnbull's motion "for relief from, alter or amend a judgment" (ECF No. 33.), motion for leave to file an amended complaint (ECF No. 34), and motion to disjoin Hillborg (ECF No. 37) are **DENIED**.

**SO ORDERED.**

s/Michael C. Martin
MICHAEL C. MARTIN
United States District Judge

Date: November 16, 2026